**STATE of Minnesota, Respondent,**

v.

**Harry Reynold JUNES, Appellant.**

**No. C4–83–1702.**

Court of Appeals of Minnesota.

July 3, 1984.

Review Denied Sept. 12, 1984.

Harry Reynold Junes, pro se.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Luther P. Nervig, Wadena, for respondent.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Harry Reynold Junes appeals his conviction for driving with an alcohol concentration of .10 or more, in violation of Minn. Stat. § 169.121, subd. 1(d) (Supp.1983). We affirm.

## FACTS

On June 12, 1983, appellant Harry Junes was stopped after an officer observed the high-beam headlights were on on Junes' automobile, that Junes had turned without using a turn signal, and had weaved over the center-line several times. The officer detected a strong odor of alcohol on Junes' breath and noticed Junes' face was flushed and his eyes watery. Junes did poorly in field sobriety tests. He was arrested and given a breathalyzer test which indicated .15 alcohol concentration. Junes waived his right to an attorney and a jury trial. He was convicted of driving with an alcohol concentration of .10 or more, in violation of Minn.Stat. § 169.121, subd. 1(d) (Supp.1983).

## ISSUE

Is the evidence sufficient to convict appellant?

## ANALYSIS

Junes, acting pro se, challenges his conviction, contending:

■ (1) The arresting officer did not employ the breathalyzer test accurately. The record indicates the officer was a licensed breathalyzer operator who performed all of the operational checklists to ensure the accuracy of the test results.

■ (2) The officer lacked sufficient reason to arrest him. The record provides ample support for the arrest.

■ (3) A preliminary screening test of breath was not given. Minn.Stat. § 169.-121, subd. 6 (1982) does not make such test mandatory.

■ (4) The testimony of the officer was not credible because he failed to precisely recollect the events surrounding the arrest. The officer's credibility was a matter for the trial court.

■ (5) The breathalyzer test results are invalid because they could be altered. Nothing in the record indicates either alteration or the tests to be invalid.

■ (6) A copy of the Implied Consent Advisory was not given him at the time the breath test was requested. Minn.Stat. § 169.123, subd. 2 (Supp.1983) does not require such delivery.

Junes' other contentions are without merit.

## DECISION

Appellant's conviction for driving with an alcohol concentration of .10 or more is affirmed.

Affirmed.